UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOGHT COMMUNITY FIRE DISTRICT, | **VERIFIED COMPLAINT** |
| Plaintiff, | |
| v. | Civil Action No.: 1:23-cv-1609 (GLS/ML) |
| SEAGRAVE FIRE APPARATUS, LLC, | |
| Defendant. | |

The Plaintiff, Boght Community Fire District, by and through its attorneys, Hodgson Russ LLP, as and for its Verified Complaint against the Defendant, Seagrave Fire Apparatus, LLC, alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to assert the Plaintiff's rights to: (a) specific performance of the Contract for Custom Fire Apparatus Model TV7HCT and Numbered SO 56283 dated January 13, 2022 ("the Contract"), a copy of which is attached as **Exhibit 1**, for the purchase of a vehicle customized for use during firefighting operations; (b) for breach of contract; and (c) to obtain a permanent injunction prohibiting the Defendant from selling the subject equipment to anyone or anything other than to the Plaintiff in accordance with the terms of the Contract.

## THE PARTIES

2. The Plaintiff is a scalar organization comprised of volunteer firefighters established for the purpose of providing fire protection and responding to others sorts of emergencies, based at 8 Preston Drive in Cohoes, New York.

3. Defendant is a foreign business corporation registered to do business in New York and accept service of process at 7 Industrial Avenue, Carleton Place, Ontario, Canada, K7C-3V7.

Defendant's principal places of business are located at 105 E 12th Street in Clintonville, Wisconsin 54929-1518 and 7285 Solutions Center in Chicago, Illinois 60677-7002.

## JURISDICTION AND VENUE

4. The Contract provides: "Each party consents that the exclusive venue for any dispute of claim relating to this Agreement shall be in the federal courts sitting in Albany County, New York. Each party hereby consents to the personal jurisdiction of such courts." *See*, Exhibit 1 at Section 9.

5. This Court has subject matter jurisdiction over this controversy based upon diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. The amount in controversy exceeds the sum specified by 28 U.S.C. §1332, exclusive of interest and costs.

7. Venue is proper in the Northern District of New York because the parties agreed to it in the Contract (*supra*) as well as pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND FACTS

8. The Contract dated January 2022 requires Defendant to fabricate and deliver the Apparatus to Plaintiff within 520 days, or approximately 17 months, in exchange for Plaintiff's payment in the amount of $1,698,725.00, such that the Apparatus was due for completion and delivery to Plaintiff by in or around June 2023. More specifically, the Apparatus is a highly specialized vehicle comprised of one unit of Seagrave model TV7HCT Marauder, a 95-foot Aerialscope Quint Mid-Mount Platform.

9. However, Defendant has refused to complete fabrication and deliver the Apparatus to Plaintiff in the absence of Plaintiff's payment of another $187,000.00 beyond the agreed-to purchase price.

10. Defendant first communicated this position to Plaintiff by letter dated May 5, 2023, a copy of which is attached as **Exhibit 2**. Defendant followed up in writing to this same effect on August 28, 2023, a copy of which is annexed as **Exhibit 3**.

11. Despite the post-pandemic date of the Contract and these correspondences, Defendant has nonetheless cited the pandemic and doctrine of commercial impracticability as its basis for reneging on the Contract terms.

12. Plaintiff, on the other hand, remains ready, willing and able to tender the agreed-to purchase price of $1,698,725.00 in exchange for the Apparatus, after securing approval to pay this amount via mandatory referendum, as this equipment is vital to the safety of the Boght community.

13. In the good-faith effort to resolve this dispute without judicial intervention, Plaintiff contacted Defendant by letter dated October 23, 2023, a copy of which is attached as **Exhibit 4**.

14. However, Defendant failed to meaningfully respond, offering instead to agree to the termination of the Contract, or to generally extend the warranties and issue service credits relative to the Apparatus in exchange for the proposed $187,000 increase in the purchase price, thereby necessitating this lawsuit.

**AS AND FOR FIRST CAUSE OF ACTION**
**FOR SPECIFIC PERFORMANCE**

15. The Plaintiff repeats and realleges each allegation in paragraphs 1 through 14 of the Verified Complaint as if fully set forth herein.

16. The Plaintiff entered into the Contract with Defendant to purchase the Apparatus for $1,698,725.00 to be fabricated and delivered to Plaintiff in June 2023.

17. The Plaintiff is ready, willing, and able to perform under the Contract with the Defendant and complete the purchase of the Apparatus.

18. The Plaintiff has fulfilled all its duties and obligations under the terms of the Contract to purchase the Apparatus from the Defendant.

19. The Defendant maintains possession and control over the subject Apparatus.

20. Since the Contract between the Plaintiff and the Defendant involves the sale of specialized equipment essential to the safety of the Plaintiff's community, the Plaintiff has no adequate remedy at law.

21. As a result of the foregoing, the Plaintiff is entitled to judgment against the Defendant for specific performance of the Contract and the immediate completion of fabrication and delivery of the Apparatus in accordance with the terms and conditions of the Contract.

**AS AND FOR A SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**

22. The Plaintiff repeats and realleges each allegation in paragraphs 1 through 21 of the Verified Complaint as if fully set forth herein.

23. The Plaintiff entered into the Contract with the Defendant to purchase the Apparatus for $1,698,725.00.

24. The Plaintiff has fulfilled all the Plaintiff's duties and obligations under the terms of the Contract to purchase the Apparatus from the Defendant.

25. The Defendant has breached the Contract with the Plaintiff by failing to complete the fabrication and deliver the Apparatus by June 2023, which is obligated under the Contract.

26. The Plaintiff is ready, willing, and able to perform under the Contract with the Defendant and complete the purchase of the Apparatus.

27. The Plaintiff has incurred damages because of the Defendant's breach of the contract.

28. As a result of the foregoing, the Plaintiff is entitled to judgment against the Defendant for its damages, including costs, disbursements, filing fees, service of process, and attorney's fees.

### AS AND FOR A THIRD CAUSE OF ACTION
### INJUNCTION

29. The Plaintiff repeats and realleges each allegation in paragraphs 1 through 28 of the Verified Complaint as if fully set forth herein.

30. The Plaintiff entered into the Contract with the Defendant to purchase of the Apparatus for $1,698,725.00.

31. The Apparatus is unique as a matter of law.

32. The Defendant has breached the Contract to fabricate, sell and deliver the Apparatus to Plaintiff; and Plaintiff is likely to succeed on the merits.

33. Injunctive relief must be granted to preserve the status quo and prevent the Defendant from selling the Apparatus to a third party.

34. Absent an injunction, the Defendant can sell the Apparatus to a third party and the Plaintiff will suffer irreparable harm.

35. Plaintiff requests that Defendant be enjoined from selling or otherwise disposing of the Apparatus.

**WHEREFORE**, Defendants respectfully demand judgment:

(A) Awarding Plaintiff judgment against the Defendant for specific performance of the Contract and the completed fabrication, sale and delivery of the Apparatus to Plaintiff in accordance with the terms and conditions of the Contract;

(B) Awarding Plaintiff judgment against the Defendant for Plaintiff's damages, including costs, disbursements, filing fees, service of process, and attorney's fees;

(C) Awarding Plaintiff judgment against the Defendant that Defendant be enjoined from selling or otherwise disposing of the Apparatus;

(D) Awarding Plaintiff its costs and disbursements of this action, including reasonable attorneys' fees; and

(E) Awarding Plaintiff all such other and further relief as this Court deems just and proper.

DATED:   December 19, 2023
         Albany, New York

                            **HODGSON RUSS LLP**
                            *Attorneys for Plaintiff*

                      By: *s/Christian J. Soller*
                            Christian J. Soller, Esq.
                            677 Broadway, Suite 401
                            Albany, New York 12207
                            Tel: 518.433.2445
                            cjsoller@hodgsonruss.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| BOGHT COMMUNITY FIRE DISTRICT, | **VERIFICATION** |
| Plaintiff, | |
| v. | Civil Action No.: _____ |
| SEAGRAVE FIRE APPARATUS, LLC, | |
| Defendant. | |

_____

STATE OF NEW YORK      )
                       : ss.
COUNTY OF ALBANY       )

Kenneth Urquhart, being duly sworn, deposes and says:

1. I am the Chairman of the Board of Fire Commissioners relative to the above-named Plaintiff.

2. I have read the foregoing Complaint and know its contents. The document is true to my knowledge, except as to matters stated to be upon information and belief. As to those matters, I believe them to be true based upon my personal knowledge.

Dated:      December 18, 2023
            Cohoes, New York

_____
Kenneth Urquhart

Sworn to before me this
18 day of December, 2023.

_____
Notary Public

```
ANGELA R ALESSI
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01AL6382778
Qualified in Rensselaer County
Commission Expires Nov. 5, 2026
```

Page 7 of 7

16722508v1